KELLY, Circuit Judge,
concurring.
I agree with the court that to trigger the First Amendment privilege, a party must “through objective and articulable facts make an evidentiary showing of a reasonable probability of chill on an association right.” Maj. Op. at 489 (quotation marks and citations omitted). I write separately to emphasize that the burden for establishing this prima facie showing is not difficult when supported by available evidence.
In the context of compelled disclosure of internal associational communications, courts have concluded that a party can meet this burden by submitting: an affidavit asserting that disclosure would “drastically alter” how the affiant communicates in the future and would cause the affiant to be “less willing to engage in such communications,” Perry v. Schwarzenegger, 591 *493 F.3d 1147, 1163 (9th Cir.2010); an affidavit indicating that compelled disclosure would frustrate the group’s decisions as how to organize itself, conduct its affairs, select its leaders, and effectively select its message and the best means to promote that message, AFL-CIO v. Fed. Election Comm’n, 333 F.3d 168, 177 (D.C.Cir.2003); and a letter from a member stating that he or she would no longer attend meetings if communications are disclosed, Dole v. Serv. Emps. Union, AFL-CIO, Local 280, 950 F.2d 1456,1460 (9th Cir.1991).
Appellants have obtained declarations which similarly assert a reasonable probability of chill on core First Amendment associational rights. One such declaration states, “I likely would have chosen not to speak or become involved in the political process had I known that my internal communications could be disclosed to the opponents in the public policy debate.” Aplt. App. at 1687. Another declares that “If I had known that my communications ... could be subject to disclosure through discovery ... I would not have solicited or disseminated information to members as I did so freely here.” Id. at 1711.
Had these declarations been timely (and no persuasive reason suggests that they could not have been submitted earlier), this would be a different case, and it would next be necessary to engage in an ad hoc balancing.